UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAUX FAMILY TRUST,

     Plaintiff,

                                   Case No. 25-cv-11997
v.                                 Hon. Matthew F. Leitman

MILLICENT D. SHERMAN,

     Defendant.

_____/

## ORDER (1) SUMMARILY DISMISSING COMPLAINT (ECF No. 1) AND (2) TERMINATING MOTION FOR DEFAULT JUDGMENT AS MOOT (ECF No. 13)

In this action, Plaintiff Michaux Family Trust (the "Trust") seeks (1) damages against a state court judge, Defendant Millicent D. Sherman, based on a judgment that Judge Sherman entered against the Trust in a state-court landlord-tenant dispute and (2) an order setting aside that state-court judgment. (*See* Compl., ECF No. 1, PageID.10-12.)   The Court has reviewed the Trust's claims and **SUMMARILY DISMISSES** them.

First, the Trust's claims for damages against Judge Sherman are barred by absolute judicial immunity.  *See, e.g.*, *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) ("It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions. The Supreme Court has specifically held that state judges are absolutely immune from liability under 42

U.S.C. § 1983") (internal citations omitted).  Second, the Trust's request that this Court set aside Judge Sherman's state-court judgment is barred by the *Rooker-Feldman* doctrine. That doctrine "bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020).  Thus, "[i]f the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *Id*.  Here, the Trust's alleged injuries arise directly from Judge Sherman's judgment, and the Trust's claims raise a direct attack against, and seek relief from, that judgment.  Thus, the Trust's claims are barred by *Rooker-Feldman*.

For all of the reasons explained above, the Trust's Complaint (ECF No. 1) is **DISMISSED**.[1]

**IT IS SO ORDERED**.

|  |  |
|---|---|
|  | s/Matthew F. Leitman |
|  | MATTHEW F. LEITMAN |
| Dated:  September 11, 2025 | UNITED STATES DISTRICT JUDGE |

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 11, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

---

[1] Because the Court is summarily dismissing the Trust's Complaint, the Court will **TERMINATE** the Trust's motion for default judgment (ECF No. 13) as moot.